UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN YUNG, <br><br> Petitioner, <br><br> -against- <br><br> NYC MAYOR ADAMS, et al., <br><br> Respondents. | 1:24-CV-2948 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who appears to be a pretrial detainee, and who is currently held in the Otis Bantum Correctional Center on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus*. He challenges his detention without bail arising from criminal proceedings that he seems to allege are pending in the New York Supreme Court, Kings County. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

A court entertaining a *habeas corpus* petition must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (explaining that a writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, jurisdiction to consider a *habeas corpus* petition challenging a petitioner's physical confinement generally lies in district court for the judicial district of his confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained on Rikers Island, which is located on the East River, between Bronx and Queens Counties, and is generally understood to be concurrently part of both the Southern and Eastern Districts of New York. *See* 28 U.S.C. § 112(b)-(c); *see also Jones v. Dunbar*, No. 21-CV-6036, 7, at 1-2 (E.D.N.Y. Nov. 4, 2021) ("both the Southern and Eastern Districts have jurisdiction to hear habeas petitions from people incarcerated at Rikers" Island).

Petitioner seems to allege that the criminal proceedings at issue are pending against him in the New York Supreme Court, Kings County, under case number IND-71296-23/001. Accordingly, because Kings County lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c), the Court transfers this *habeas corpus* action, in the interest of justice, to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Petitioner should be permitted to proceed further without prepayment of the filing fee is a determination to be made by the transferee court.[1] This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 23, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[1] Petitioner did not pay the filing fee or submit an application to proceed *in forma pauperis* to this court.